**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE KEENAN, an individual, | No. 19-55973 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00129-MMA-LL |
| v. | |
| COX COMMUNICATIONS CALIFORNIA, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted October 15, 2020
Pasadena, California

Before: MURGUIA and OWENS, Circuit Judges, and SETTLE,** District Judge.

Plaintiff-Appellant Lonnie Keenan ("Keenan") appeals the district court's

grant of summary judgment dismissing his claims against his former employer,

Defendant-Appellee Cox Communications California, LLC, and its Director for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Enterprise Sales, Defendant-Appellee Daniel Martinez ("Martinez") (collectively "Cox"). Keenan claims that Cox induced Keenan's move to California to work as a sales account representative for Cox by falsely promising him protected sales accounts and then wrongfully discharged him after Cox's failure to keep this promise adversely affected Keenan's sales production. The district court granted summary judgment dismissing all of Keenan's claims, determining that Keenan's claim pursuant to California Labor Code § 970 *et seq.* for fraudulent inducement to relocate (the "Section 970 claim") was time-barred and that Keenan's common law claims for breach of the implied covenant of good faith and fair dealing and for wrongful termination in violation of public policy failed as a matter of law. We reverse and remand.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's order granting summary judgment and its interpretation of state law, as well as a dismissal on statute of limitations grounds. *Garcia v. PacifiCare of Cal., Inc.*, 750 F.3d 1113, 1115 (9th Cir. 2014); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). "In answering a question of California law, this Court 'predict[s] how the highest [California] court would decide the issue.'" *Garcia*, 750 F.3d at 1116 (quoting *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005)).

The district court correctly applied California's one-year statute of

limitations for actions "upon a statute for a penalty or forfeiture" to Keenan's Section 970 claim. Cal. Code Civ. Proc. § 340(a). A civil claim under Section 970 is subject to mandatory double damages. Cal. Lab. Code § 972. We conclude that the California Supreme Court would find that the claim imposes a penalty and is subject to the one-year limitations period. *Prudential Home Mortg. Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1242 (1998) ("[T]he settled rule in California is that statutes which provide for recovery of damages additional to actual losses incurred, such as double or treble damages, are considered penal in nature . . . , and thus governed by the one-year period of limitations stated in section 340 . . . .") (internal quotations and citations omitted), *cited with approval by Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1104 (2007); s*ee also Munoz v. Kaiser Steel Corp.*, 156 Cal. App. 3d 965, 980 (1984) ("the one-year statute of limitations [is] applicable to both sections 971 and 972"); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1018 (9th Cir. 2000) ("assum[ing] the correctness" of district court's application of one-year limitations period to Section 970 claim).

The district court erred, however, in determining as a matter of law that Keenan's Section 970 claim accrued more than one year before it was filed. Under the discovery rule, a claim accrues when "the plaintiff discovers, or has reason to discover, the cause of action." *Nogart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999).

"When a plaintiff reasonably should have discovered facts for purposes of the accrual of a cause of action or application of the delayed discovery rule is generally a question of fact, properly decided as a matter of law only if the evidence . . . can support only one reasonable conclusion." *Broberg v. The Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 921 (2009). Here, the facts give rise to competing inferences. On the one hand, the district court found, as Cox contends, that Keenan's knowledge other employees were making sales to the accounts he believed had been promised exclusively to him (the "poaching incidents") put Keenan on notice that he had not been assigned the protected accounts as promised. On the other hand, Keenan contends that the poaching incidents showed only that other employees were violating company policy, and Martinez's alleged repeated promises to "look into" Keenan's reports of poaching reaffirmed Keenan's understanding of his exclusive right to those accounts. Because the evidence supports more than one reasonable conclusion, there are triable issues of fact as to when Keenan's Section 970 claim accrued. The district court erred in drawing the inference in favor of Cox instead of Keenan, the non-moving party. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009).

The district court erred in dismissing Keenan's claim based upon the implied covenant of good faith and fair dealing as solely derivative of his implied-in-fact

4 <span>19-55973</span>

contract claim. The implied covenant is also applicable to the terms of the express contract between the parties, which the parties agree includes Cox's Rules of Engagement; the discretion granted to Martinez by that document must be exercised in good faith. *Locke v. Warner Bros., Inc.*, 57 Cal. App. 4th 354, 367 (1997).

Finally, the district court erred in dismissing as a matter of law Keenan's claim for wrongful termination in violation of public policy. Keenan submitted sufficient evidence of a causal link between Cox's alleged violations of Section 970 and his termination to raise a triable issue of fact that should be determined by a jury. *See Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981) ("[c]ausation is generally a question of fact for the jury").

**REVERSED AND REMANDED**.